IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

TENEAH PEREZ                                          :
4600 North Garfield Avenue                            :
Loveland, CO 80538                                    :
                                                      :
            *Plaintiff*                               :
                                                      :          CIVIL ACTION
            v.                                        :          NO.
                                                      :
DONOVAN SERAFINO                                      :
4742 Quandary Peak Street                             :
Brighton, CO 80601                                    :
            and                                       :
CITY OF GREELEY                                       :
1000 10th Street                                      :
Greeley, CO 80631                                     :
                                                      :
            *Defendants*                              :

## COMPLAINT WITH JURY DEMAND

This action is filed by Plaintiff Teneah Perez against Defendants Donovan Serafino and City of Greeley, seeking damages under 42 U.S.C. § 1983 for unreasonable search and seizure, malicious prosecution, and municipal liability in violation of Plaintiff's Fourth Amendment rights.

### Jurisdiction

1.   This action is brought pursuant to 42 U.S.C. § 1983. This court has original jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343.

### Venue

2.   A substantial part of the events and omissions giving rise to the claims set forth herein occurred in the City of Greeley, Colorado. Thus, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the District of Colorado.

1

**Parties**

3.    Plaintiff Teneah Perez is an adult individual, a citizen of the United States, and a resident of the State of Colorado, residing at the address above-captioned.

4.    Defendant Donovan Serafino ("Defendant Serafino") is an adult individual and resident of the State of Colorado with a residence address as above-captioned.

5.    At all times relevant and material hereto, Defendant Serafino was an agent and employee of Defendant City of Greeley, assigned to and working as a law enforcement and patrol officer within the City of Greeley Police Department, acting and/or failing to act within the course and scope of his agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

6.    Defendant City of Greeley is a home rule municipality, self-governed under a home rule charter and the laws of the State of Colorado with an office or usual place of business at the address above-captioned.

7.    At all times relevant and material hereto, Defendant City of Greeley operated, administered, and controlled the City of Greeley Police Department and acted under color of state law.

**Factual Background**

8.    On May 29, 2023, Plaintiff was a front-seat passenger in a red Jeep operated by her husband Frank Rojelio-Perez northbound on 12th Avenue at its intersection with 8th Street in Greeley, Colorado.

9.  Also riding as passengers in the Jeep were Plaintiff's two minor children [Armani (age 6) and Jayla (age 1)] and Mr. Rojelio-Perez's three minor children [Lyela (age 10), Isabella (age 7), and Aniya (age 7)].

10.  While approaching the intersection, Mr. Rojelio-Perez disregarded a Stop sign, entered the intersection, and crossed the path of a Toyota Yaris which was proceeding westbound on 8th Street and did not have a Stop sign.

11.  The front of the Toyota Yaris crashed into the passenger side of the Jeep, causing the Jeep to roll and come to rest on its passenger side.

12.  Immediately after the crash, Mr. Rojelio-Perez exited the vehicle and fled the scene on foot, taking his three children with him, while Plaintiff remained at the scene with her two children.

13.  Defendant Serafino and other Greeley police officers responded to the scene and undertook an investigation of the accident.

14.  At the scene, Defendant Serafino and other Greeley police officers spoke with Plaintiff and her six-year-old son Armani.

15.  Plaintiff denied she was driving the Jeep and identified the driver as "Frankie."

16.  Plaintiff's son identified the driver of the Jeep as Frankie Perez.

17.  At the crash scene, no one involved in the accident nor any witness to the incident identified Plaintiff as the driver of the Jeep.

18.  Due to the injuries Plaintiff and her children sustained in the crash, they were taken from the scene to the emergency room at North Colorado Medical Center.

3

19.  At the hospital, Defendant Serafino spoke with Plaintiff and her son, each of whom continued to identify the driver of the Jeep as Frankie.

20.  After speaking with Plaintiff and her son at the hospital, Defendant Serafino falsely announced on his police radio, "The kid just told me that she was driving."

21.  As Plaintiff continued denying to Defendant Serafino that she was the driver, the officer told her she was "a fucking liar."

22.  While at the hospital, Defendant Serafino arrested Plaintiff on the following 16 charges, all based on the false assertion that Plaintiff was the driver of the Jeep: three counts of felony vehicular assault/DUI [(C.R.S. § 18-3-205(1)(b)], one count of felony child abuse [C.R.S. § 18-6-401(1)(7)(a)(III), four counts of child abuse [C.R.S. § 18-6-401(1)(7)(a)(V)], one count of driving under the influence of alcohol [C.R.S. § 42-4-1301(1)(a)], one count of driving under restraint [C.R.S. § 42-2-138(1)(d)(I)], and six traffic offenses including failure to obey traffic control device (C.R.S. § 42-4-603) and failing to use proper child restraints (C.R.S. § 42-4-236).

23.  The Affidavit for Warrantless Arrest filed in support of Plaintiff's arrest was based on Defendant Serafino's false and incomplete reporting of his investigation.

24.  The Affidavit included the following information from Defendant Serafino: "[At the hospital] Officer Serafino asked [Plaintiff], while she was in the waiting area, who the driver of the vehicle was. [Plaintiff] said her husband, Frank, was driving. [Plaintiff's son Armani], who was sitting next to [Plaintiff], made an excited utterance and said, 'Mom you were driving.' [Plaintiff] quickly placed her hand on Armani's mouth and told him to stop talking."

25.  As demonstrated by Defendant Serafino's body-worn camera video footage of his encounter, interactions, and discussions with Plaintiff and her son, this alleged utterance by

4

Plaintiff's son never occurred and constitutes false information knowingly provided by Defendant Serafino in support of his arrest and prosecution of Plaintiff.

26.    Defendant Serafino initiated criminal proceedings against Plaintiff by knowingly providing false and incomplete information to the prosecutor, resulting in the Weld County District Attorney filing a Complaint and Information against Plaintiff on June 1, 2023, listing the following 17 charges: one count of felony child abuse resulting in serious bodily injury [(C.R.S. § 18-6-401(1)(a),(7)(a)(III)], three counts of felony vehicular assault [(C.R.S. § 18-3-205(1)(b)(I)], four counts of child abuse [(C.R.S. § 18-6-401(1)(a),(7)(a)(V)], and nine traffic offenses including failure to obey a traffic control device (C.R.S. § 42-4-603), reckless driving (C.R.S. § 42-4-1401), driving under restraint [(C.R.S. § 42-2-138(1)(d)], illegal possession or consumption of alcohol in a motor vehicle (C.R.S. § 42-4-1305), and five counts of no child restraint (C.R.S. § 42-4-236).

27.    After Defendant Serafino arrested Plaintiff at the hospital, she was transported to the Weld County Jail where she remained incarcerated for approximately five days before being released on bail.

28.    The day after the accident, on May 30, 2023, Defendant Serafino received an email from an individual claiming to have been a witness to the accident and stating Plaintiff was not the driver of the Jeep.

29.    Defendant Serafino failed to include the email or any of its contents in the documentation of the investigation and the email was not provided to Plaintiff as part of discovery in the criminal case. Instead, the email and its contents remained concealed for 15 months after Plaintiff's arrest.

5

30.    In or around August 2024, shortly after prosecutors were made aware of the exculpatory email, the charges against Plaintiff were dismissed.

31.    The City of Greeley Police Department conducted an internal affairs inquiry regarding Defendant Serafino's conduct during his investigation of the subject traffic accident.

32.    The internal affairs investigation resulted in a finding that Defendant Serafino violated numerous department policies and directives, including those relating to proper preservation and storing of evidence, submitting complete, accurate, and truthful reports, and being truthful at all times when conducting official police business.

33.    On information and belief, Plaintiff alleges that in light of the internal affairs investigation which concluded that Defendant Serafino was untruthful in connection with his investigation of the subject traffic accident, he was terminated from his employment as a City of Greeley police officer.

34.    During his tenure as a City of Greeley police officer, Defendant Serafino's disciplinary history included the following violations:

   08/13/2022 – Sustained violation for vehicle pursuit

   08/24/2022 – Sustained violation for G.O. 400.3.9 (improper or negligent handling of or willful damage to City property)

   11/08/22 – Sustained violation for G.O. 400.3.9 (improper or negligent handling of or willful damage to City property)

   05/31/23 – Sustained violation for misconduct - abuse of timecard and leave

   06/13/23 – Sustained violation for G.O. 550 (emergency operation of police vehicles) and 551 (vehicular pursuits)

   11/21/23 – Sustained violation for insubordination

6

12/26/23 – Sustained violation for unlawful search and seizure

01/30/24 – Sustained violation for discourtesy

02/05/24 – Sustained violation for discourtesy

02/20/24 – Sustained violation for discourtesy

05/21/24 – Sustained violation for misconduct and missed court

35.   Plaintiff did not commit any offense nor engage in any conduct justifying the acts and omissions of Defendant Serafino with regard to the aforesaid arrest and prosecution.

36.   Defendant Serafino's arrest and prosecution of Plaintiff were not supported by probable cause.

37.   As a direct and proximate result of the aforesaid arrest and prosecution, Plaintiff sustained and incurred the following harms and damages:

(a)  Violations of her rights under the Fourth Amendment to the United States Constitution to be free from an unlawful search and seizure;

(b)  Violations of her rights under the Fourth Amendment to the United States Constitution to be free from malicious prosecution;

(c)  Fear, anxiety, embarrassment, humiliation, emotional distress, and post-traumatic stress, some or all of which may be permanent;

(d)  Past and future lost wages and lost earning opportunities;

(e)  Confinement and loss of liberty; and

(f)  Legal expenses.

**FIRST CLAIM FOR RELIEF**
**TENEAH PEREZ v. DONOVAN SERAFINO**
*(42 U.S.C. § 1983 – Fourth Amendment – Search and Seizure)*

38.   Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

39.   Defendant Serafino deprived Plaintiff of her right to be free from an unlawful search and seizure, thus violating her rights as guaranteed by the Fourth Amendment to the United States Constitution.

40.   Defendant Serafino conducted a search and seizure of Plaintiff which were not supported by probable cause.

41.   Defendant Serafino acted willfully, wantonly, and with deliberate indifference to Plaintiff's constitutional, statutory, and common law rights.

42.   As a direct and proximate result of Defendant Serafino's aforesaid acts and omissions, Plaintiff has sustained the harms and damages set forth in ¶ 37, *supra*.

**SECOND CLAIM FOR RELIEF**
**TENEAH PEREZ v. DONOVAN SERAFINO**
*(42 U.S.C. § 1983 – Fourth Amendment – Malicious Prosecution)*

43.   Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

44.   Defendant Serafino deprived Plaintiff of her right to be free from malicious prosecution, thus violating her rights as guaranteed by the Fourth Amendment to the United States Constitution.

45.   Defendant Serafino initiated the aforesaid prosecution without probable cause and with malice, the prosecution caused Plaintiff to suffer a deprivation of her liberty, and the prosecution ended in Plaintiff's favor.

46.   Defendant Serafino acted willfully, wantonly, and with deliberate indifference to Plaintiff's constitutional, statutory, and common law rights.

47.   As a direct and proximate result of Defendant Serafino's aforesaid acts and omissions, Plaintiff has sustained the harms and damages set forth in ¶ 37, *supra*.

### THIRD CLAIM FOR RELIEF
### TENEAH PEREZ v. CITY OF GREELEY
### *(42 U.S.C. § 1983 – Monell)*

48.   Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

49.   Defendant City of Greeley deprived Plaintiff of her right to be free from an unlawful search and seizure and her right to be free from malicious prosecution, thus violating her rights as guaranteed by the Fourth Amendment to the United States Constitution.

50.   The aforesaid unlawful search, seizure, and malicious prosecution of Plaintiff were the direct and proximate result of Defendant City of Greeley's failure to properly and/or sufficiently develop, formulate, establish, institute, oversee, and/or supervise the training, supervision, and discipline of individuals working within the City of Greeley Police Department with regard to investigating traffic accidents, filing reports and affidavits, and filing criminal charges under circumstances such as those presented herein.

51.   Specifically, Defendant City of Greeley engaged in the following unconstitutional conduct:

9

(a) With knowledge of and deliberate indifference to the risks involved, allowing and acquiescing in Defendant Serafino's continued employment as a City of Greeley police officer despite possessing longstanding actual knowledge that he likely was an unfit officer, an officer who posed an unreasonable risk to the safety of citizens with whom he interacted, and/or an officer who posed an unreasonable risk of violating citizens' constitutional rights, thereby directly and proximately causing the unlawful search and seizure and malicious prosecution involved in the subject incident;

(b) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, discipline, suspend, or terminate police personnel within the City of Greeley Police Department, including but not limited to Defendant Serafino, so as to prevent them from depriving citizens such as Plaintiff of their Fourth Amendment rights, thereby directly and proximately causing the unlawful search and seizure and malicious prosecution involved in the subject incident;

(c) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline police personnel within the City of Greeley Police Department, including but not limited to Defendant Serafino, with regard to the foreseeably recurring situation of police officers submitting false reports, charges, and affidavits, thereby directly and proximately causing the unlawful search and seizure and malicious prosecution involved in the subject incident; and

(d) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline police personnel within the City of Greeley Police Department, including but not limited to Defendant Serafino, with regard

to the foreseeably recurring situation of police officers submitting reports, charges, and affidavits contradicted by their body-worn camera footage, thereby directly and proximately causing the unlawful search and seizure and malicious prosecution involved in the subject incident.

52.    As a direct and proximate result of Defendant City of Greeley's aforesaid acts and omissions, Plaintiff has sustained the harms and damages set forth in ¶ 37, *supra*.

## <u>REQUEST FOR RELIEF AND JURY DEMAND</u>

In light of the foregoing, Plaintiff requests the following relief:

(a)     This court's declaration that Defendants' acts and omissions violated Plaintiff's constitutional rights;

(b)     Compensatory damages;

(c)     Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

(d)     Such other and further relief as the court deems reasonable and just.

Plaintiff demands a jury trial as to each Defendant and as to each claim for relief triable by a jury.


DATE: May 29, 2025                         s/  Richard M. Wiener
                                           Richard M. Wiener, Esquire
                                           CO Attorney I.D. No. 39962
                                           Law Offices of Richard M. Wiener, LLC
                                           161 Washington Street, Suite 400
                                           Conshohocken, PA 19428
                                           Ph: (610) 832-8050
                                           Fx: (610) 487-0300
                                           Email: rwiener@wienerlegal.com
                                           *Attorney for Plaintiff*